Mr. Justice Cox
delivered the opinion of the court.
These cases were actions of ejectment and depend upon the interpretation to be given to the will of Abraham Butler. He says in his will “and after the.death of my said wife, I give and bequeath to Elizabeth Catherine Earhart, my (laughter, and to my son Ferdinand Butler, and to my •daughter Mary Virginia Butler, the house and lot situated •on the north side of P street between 11th and 12th streets, square number 290, and now occupied by R. C. Washington as my tenant, together with the piece of ground purchased by me, from Henry Turner to drain the same; and after the *103 death of Ferdinand Butler and his daughter Sarah Butler, I ■desire and request that the interest in property bequeathed to said Ferdinand Butler, shall then revert to my heirs-at-law.”
And for the children of his second marriage he provided as follows: “And after the death of my said wife Sarah Butler, I give and bequeath to my sons William Joseph Butler and John A. Butler, the house and premises herein ■described and known as the “Miller House,” adjoining the house in which I now live, and'the house known as the “ Pat Dulaney House,” situated on the west side of 13th street, between E and F streets, which said house I give and bequeath to my said wife Sarah Butler during her natural life.”
William Joseph Butler died, leaving a wife and child, and John A. Butler, having the impression that he was entitled to the whole of the property as surviving joint tenant, instituted these actions of ejectment to recover the property. 'The only question is whether he was a joint tenant ora ten■ant in common with his deceased brother.
The mere devise to the two sons William Joseph and John .A. Butler, without more, would give a life estate in joint tenancy. Such a devise, after a previous devise of the same property for life, would be considered by some courts a gift -of the fee, but it would still be a joint tenancy. But on both questions, viz., whether it be a life estate merely, and ■whether in joint tenancy, or in common, light is thrown on the intention of the testator from other parts of the will.
In the previous clause to the one in controversy, if we •omit the reference to Ferdinand Butler’s daughter, we will have a devise to a son and two daughters generally, with a provision, that after the death of the son, the interest in the property bequeathed to him shall revert to the testator’s .heirs-at-law. This implies, that according to the testator’s understanding of the general language he had already used, it would, but for this provision, go elsewhere. If he •understood the nature of a joint ■ tenancy, which is hardly -supposable, he might have thought that it would survive to *104 the others. More probably, he thought that it would descend to the heirs of Ferdinand. And, indeed, the language “ the interest in. property bequeathed to said Ferdinand,”' &c., indicates that he supposed he had bequeathed a separate interest to him, and not strictly a joint interest to him and others. But this probability becomes almost certainty when we add the reference to Ferdinand’s daughter. lie gave-nothing in terms to this daughter, but directed that her father’s share after her death should revert. Did he mean by implication to give her a life estate, after a life estate which he understood he had given to her father, or did he assume that the father’s share would descend to the daughter in fee by virtue of his previous general devise, and design, by this provision, to reduce it to a life estate in her? It seems toils the latter was the testator’s intention.
lie desires and requests, not that Ferdinand’s share shall revert, but that the interest, i. e., the estate, in property bequeathed to Ferdinand, shall, after the death of his daughter,. revert to the testator’s heirs-at-law; all of which seems to-assume that the estate bequeathed to Ferdinand was such as-to descend to his daughter in fee, if not thus diverted in another direction.
It seems to usj then, that he understood his general devise-in this clause, unmodified, to have the effect, of giving an, estate in common, in fee simple ; or, in other words, that he-used the language which he employed in that sense. And-, inasmuch as he used the same phraseology in the following-clause, we think he used it in the same sense there. The-authorities seem abundantly to justify us in translating a meaning which the context gives to language employed in, one clause, to the same language employed in another. And we feel especially justified in doing so, when it avoids the result, which the testator could hardly have intended, of' cutting off the family of one son in favor of the other.
We think the intention was to give an estate in common-to the two brothers, and that the court below was right in holding the plaintiff not -entitled to recover, as claimed in. the declaration.